**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE subscriber assigned IP address 151.202.25.232 and IP address 100.1.218.183,

Defendant.

Civil Action No.: 23-22413 (JXN)(SDA)

**OPINION**

**NEALS**, District Judge

This matter comes before the Court upon Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") unopposed motion for default judgment against *pro se* Defendant John Doe subscriber assigned IP address 151.202.25.232 and IP address 100.1.218.183 ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 44). The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff is the owner of adult motion pictures that are registered with the United States Copyright Office. (*See* Second Amended & Supplemental Complaint ("SAC") ¶¶ 2, 47.) These films are distributed through subscription-based websites and DVDs. (SAC ¶¶ 3, 14.) Plaintiff also licenses its films to other broadcasters. (*Id.* ¶ 14.) Plaintiff alleges that Defendant infringed upon 82 of its works by downloading them and distributing them to others using the BitTorrent file network ("BitTorrent") in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. (*Id.* ¶¶ 4, 125.) Plaintiff specifically states that it used VXN Scan, an infringement detection system that it

developed, to identify and capture Defendant's BitTorrent transactions sharing pieces of 82 digital media files. (*Id.* ¶¶ 28-44.) Plaintiff determined that these digital media files were identical or substantially similar to its copyrighted films. (*Id.* ¶¶ 35-38.)

On November 8, 2022, Plaintiff filed this copyright infringement lawsuit in the U.S. District Court for the Eastern District of New York against Defendant entitled *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 151.202.25.232*, Civil Action. No. 22-6834, ("EDNY Action"). (*See* Complaint, ECF No. 1.) On March 29, 2023, Plaintiff learned the subscriber's identity in the EDNY Action from his Internet Service Provider ("ISP") and, on July 3, 2023, filed a First Amended Complaint to replace the John Doe party with Defendant. (First Amended Complaint ("FAC"), ECF No. 15.) As part of its investigation of Defendant in the EDNY Action, Plaintiff learned that Defendant moved from New York to New Jersey in or around January 2023. (*See id.* ¶ 58.) On July 10, 2023, Plaintiff served Defendant with process at his New Jersey address. (ECF No. 17.) Defendant did not file an Answer or otherwise respond to the FAC in the EDNY Action.

On March 23, 2023, Plaintiff filed an action in the U.S. District Court for the District of New Jersey against a defendant located in New Jersey and known only by their IP address, currently entitled *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 100.1.218.183*, Civil Action No. 23-2796 ("DNJ Action I"). On August 29, 2023, Plaintiff learned the subscriber's identity in DNJ Action I from his ISP and, on September 29, 2023, filed a First Amended Complaint ("FAC") to replace the John Doe party with Defendant. (*See* Civil Action No. 23-2796, ECF No. 11.) As part of its investigation of Defendant in DNJ Action I, Plaintiff learned that the subscriber in DNJ Action I was also the Defendant in the EDNY Action, who Plaintiff alleges continued his infringement of Plaintiff's copyrighted works after moving to New

Jersey in or around January 2023. (*See* Civil Action No. 23-2796, ECF No. 11 ¶¶ 57-68.) On October 10, 2023, Plaintiff served Defendant with process in DNJ Action I. (*See* Civil Action No. 23-2796, ECF No. 15.) The deadline for Defendant to respond to the FAC in DNJ Action I expired.

On November 8, 2023, the Court in EDNY ordered the EDNY Action be transferred to the District of New Jersey. On November 16, 2023, this Court docketed the certified copy of the transfer order in this matter.

On November 21, 2023, Plaintiff filed a motion to consolidate DNJ Action I with this matter (formerly the EDNY Action) as both involve the same Plaintiff, the same Defendant, the same judges, and the same infringement claims, differing only in the specific copyrighted works infringed and when (and where) those infringements occurred. (*See* ECF No. 27.) On January 26, 2024, the Court denied Plaintiff's motion in favor of entering an Order that (1) administratively terminated DNJ Action I and (2) granted Plaintiff leave to file an amended and/or supplemental complaint in this matter encompassing all of Plaintiff's claims against Defendant. (*See* ECF No. 31.)

Plaintiff filed a Second Amended & Supplemental Complaint ("SAC") on February 6, 2024. (*See* SAC, ECF No. 32.) Defendant was served on February 7, 2024. (ECF No. 36.) Defendant neither responded to the SAC nor sought an extension of the response deadline. Upon Defendant's failure to timely file a responsive pleading, Plaintiff filed a request for entry of default on April 12, 2024. (ECF No. 41.) On April 15, 2024, the Clerk of Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a).

On May 20, 2024, Plaintiff filed the instant motion for default judgment against Defendant. (ECF No. 44.) Plaintiff seeks a permanent injunction enjoining Defendant from continuing to infringe Plaintiff's copyrighted works and requiring Defendant to remove the digital files relating

to Plaintiff's copyrighted works from each of the computers under Defendant's possession, custody, or control. (*Id.* at 2, ¶¶ 2-4.) Plaintiff also requests statutory damages, costs, and post-judgment interest. (*Id.* ¶¶ 5-8.) Defendant has not filed any responsive pleading, requested any extension of time to respond or otherwise appeared in this action.

## II. LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action." *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. CIV. 08-5454, 2009 WL 3584597, at *2 (D.N.J. Oct. 26, 2009) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). As such, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted).

The Court determines each of these considerations in turn. "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). "[T]he plaintiff must prove that he is entitled to the damages sought." *Id.*

## III. DISCUSSION

### A. Threshold Requirements

Plaintiff has met the threshold requirements for entry of default judgment.

First, Plaintiff has provided the Court with a certificate of service that demonstrates personal service upon Defendant at his residence in New Jersey in compliance with Federal Rule of Civil Procedure 4(e) and New Jersey Court Rule 4:4-4(a)(1). (*See* ECF No. 46, Ex. A.)

Second, the Court is satisfied that it has subject matter jurisdiction over this matter because it arises under the Copyright Act pursuant to 17 U.S.C. § 501 and 28 U.S.C. §1331, 1338. Personal jurisdiction is proper because Defendant is domiciled in New Jersey. *See Chanel, Inc.*, 133 F. Supp. 3d at 684. Venue is proper because Defendant resides in New Jersey, and a substantial part of the events giving rise to Plaintiff's claim occurred in New Jersey under 28 U.S.C. §1391(b)(1), (2).

### B. Legitimacy of Copyright Infringement Claim

Plaintiff alleges one count of copyright infringement in violation of 17 U.S.C. §§ 106 and 501. To state a copyright infringement claim, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 67 (3d Cir. 2018) (quoting *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)); *accord Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009). Furthermore, a plaintiff must present evidence "to confirm that [the] [d]efendant is indeed the infringer" because "it is not enough for a plaintiff in a copyright infringement case to simply tie a defendant to an IP address." *Strike 3 Holdings, LLC v. Vokoun*, 2022 WL 310201, at *3 (D.N.J. Feb. 2, 2022).

Here, Plaintiff sufficiently asserts ownership of valid copyrights for the works at issue. (*See* SAC ¶¶ 2, 47, 122, Exs. A, B (listing registration and publication information for each work).) Plaintiff further comprehensively alleges that Defendant copied original elements of Plaintiff's copyrighted works and sufficiently describes Defendant's manner of infringement of these works. (*See* SAC ¶¶ 30-34 (describing Plaintiff's identification and review of .torrent files that infringe upon Plaintiff's copyrighted works); SAC ¶¶ 27-31, 35-45 (describing Plaintiff's use of VXN Scan to download files from Defendant via the BitTorrent network that have the same "Info Hash" value as the infringing .torrent files).) As such, Plaintiff has sufficiently presented a legitimate cause of action for copyright infringement. *See Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *5-6 (D.N.J. June 30, 2020).

Finally, Plaintiff has specifically identified the Defendant as the infringer. Defendant was first discovered using IP address 151.202.25.232 to infringe on Plaintiff's copyrighted works (and files related to Defendant's occupation) while he resided in New York. (SAC ¶¶ 50–83.) That infringement appeared to stop in January 2023, when Defendant moved to New Jersey. (SAC ¶¶ 79–80.) In February 2023, Plaintiff began detecting infringement of its works (and files related to Defendant's occupation) from IP address 100.1.218.183. (SAC ¶¶ 84–114.) Ultimately, the timing of the infringements coinciding with Defendant's moves, the use of a single BitTorrent program at both addresses, Defendant's status as the sole occupant of both private residences at issue, his use of these IP addresses to also traffic files related to his occupation, and his technical expertise (including network security), all connect Defendant with the infringement. Accordingly, Plaintiff has alleged a legitimate cause of action for Copyright Infringement against Defendant.

### C. Propriety of Default Judgment under *Chamberlain*

Because "the Complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment." *Richardson v. Cascade Skating Rink*, No. CV 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). All three of these factors weigh in favor of granting default judgment.

First, Plaintiff will be prejudiced absent a default judgment. Because Defendant has not responded to Plaintiff's claims, Plaintiff is "left with no other means to vindicate [its] claims." *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). "Not entering default judgment would simply result in an interminable delay during which Defendant continues to violate Plaintiff's rights." *Vokoun*, 2022 WL 310201, at *4.

Second, a meritorious defense is one that, "if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Because Defendant has failed to respond to this action "no meritorious defense presently exists with respect to deciding this motion for default judgment." *Vo*, 2016 WL 475313, at *3; *see also Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-cv-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). .

Third, the Court presumes that the Defendant is culpable due to its failure to respond to this action. *See, e.g.*, *Joe Hand Promotions, Inc. v. Waldron*, No. CIV. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) ("[The] Defendants' failure to respond permits the Court to draw an inference of culpability on their part.").

Because all three *Chamberlain* factors weigh against the Defendant, the Court holds that Strike 3 is entitled to default judgment on its claim of copyright infringement. The Court must now assess remedies.

**D. Remedies**

Having determined that default judgment is appropriate, the Court next assesses the remedies sought by Plaintiff, mindful of the fact that its damages allegations need not be accepted as true. See *Radius Bank v. Revilla & Co.*, 2021 WL 794558, at *4 (D.N.J. Mar. 2, 2021) ("Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages.") (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008)).

***1. Injunctive Relief***

Plaintiff seeks a permanent injunction barring Defendant from continuing to infringe upon its copyrighted works and further requiring him to delete and permanently remove the digital media files relating to Plaintiff's copyrighted works and the infringing copies of Plaintiff's copyrighted works from each of the computers under Defendant's possession, custody, or control. (*See* ECF No. 44 at 5-6.)

Under the Copyright Act, district courts are authorized to "grant temporary and final injunctions on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). They may also "order the destruction or other reasonable disposition of all copies ... found to have been made or used in violation of the copyright owner's exclusive rights" as part of their final judgment. 17 U.S.C. § 503(b). In deciding whether to grant injunctive relief, the district court must consider whether: "(1) the moving party has shown actual

success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001). Where a permanent injunction is requested "in the context of a default judgment," the district court may issue the injunction if the above factors favor the plaintiff. *Howard v. Laws*, 2014 WL 3925536, at *8 (D.N.J. Aug. 12, 2014).

Here, all four factors favor entry of a permanent injunction. First, Defendant's failure to appear prevents the Court from deciding this case on its merits. However, as explained *supra*, Plaintiff "has pled facts to support a default judgment against the [d]efendant and thus ... has shown success on the merits." *Malibu Media, LLC v. Flanagan*, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014); *see Celgene Corp. v. Distinct Pharma*, 2019 WL 1220320, at *6 (D.N.J. Mar. 13, 2019) (granting permanent injunctive relief in context of default judgment where plaintiff "established the elements of an infringement claim on the merits")).

Second, Plaintiff's argument that "nothing will prevent Defendant from continuing" his infringement (ECF No. 44 at 5) is "a credible assertion given [his] failure to respond to the complaint." *Strike 3 Holdings, LLC v. Doe*, 2022 WL 16744122, at *4 (D.N.J. Nov. 7, 2022) (internal citations and quotations omitted); *see Ottomanson, Inc. v. UCAI, LLC*, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) (finding irreparable harm in default judgment context, reasoning that "[t]he defendant has declined to answer or respond, and the plaintiff cannot ascertain even its past damages, let alone the fact or amount of continuing infringements"). That concern is particularly acute "due to the nature of BitTorrent," which makes "tracing the extent and magnitude of the damage ... impossible." *Doe*, 2022 WL 16744122, at *4 (internal citations and quotations omitted). Accordingly, Plaintiff will be irreparably harmed if injunctive relief is not granted.

Third, an injunction will not result in even greater harm to Defendant, as he "is an infringer, and has no legitimate right" to Plaintiff's works. *Celgene Corp.*, 2019 WL 1220320, at *6. Rather, an injunction would require him to delete any copyrighted works in his possession and prevent future infringement—i.e., to abstain from illegality. *See Malibu Media, LLC v. Toshi Yamada*, 2019 WL 1586813, at *3 (D.N.J. Apr. 12, 2019) ("[T]he balancing of the hardships weighs in favor of Plaintiff because [t]he only hardship imposed upon the Defendant is that they obey the law." (internal citations and quotations omitted)); *see also Strike 3 Holdings, LLC v. Gray*, 2022 WL 952728, at *4 (E.D. Pa. Mar. 30, 2022) (finding that injunction "presents minimal harm to Defendant as it only enjoins activity that is already prohibited by statute")).

Finally, the public interest favors an injunction. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections." *Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*, 319 F. Supp. 3d 754, 770 (D.N.J. 2018) (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983)). Furthermore, an injunction will not prevent the public from accessing Plaintiff's copyrighted works; to the contrary, Plaintiff's works are available to anyone "by purchasing access through legal channels." *Vokoun*, 2022 WL 310201, at *5. Accordingly, Plaintiff is entitled to the requested injunctive relief.

***2. Minimum Statutory Damages***

Turning to monetary damages, Plaintiff first requests statutory damages pursuant to 17 U.S.C. § 504(a)(2) in the amount of $18,750 (or $750 for each infringed work), which represents the minimum statutory damages permitted under the Copyright Act. *See* 17 U.S.C. § 504(c)(1) (statutory damages range from "not less than $750" to not "more than $30,000"). Where, as here, "liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount." *Malibu Media, LLC v. Tsao*, 2016 WL 3450815,

at *4 (D.N.J. June 20, 2016) (citing cases). This Court will follow suit. *See Vokoun*, 2022 WL 310201, at *4 (granting default judgment in favor of Strike 3 and awarding $18,000 for 24 infringed works, reasoning that "[i]n this context where Plaintiff is requesting the minimum amount it could be awarded as statutory damages, the Court finds that such an award would be just"); *see also Doe*, 2022 WL 1674412, at *4 (granting default judgment in favor of Strike 3 and finding that requested $20,250 for 27 infringed works was "just"). Accordingly, this Court will award Plaintiff damages in the amount of $61,500, representing the minimum $750 statutory award for each of the 82 copyrighted works Defendant infringed.

### *3. Statutory Filing Fee and Service Costs*

Plaintiff also seeks filing fees and service costs pursuant to 17 U.S.C. § 505, which provides that "the court in its discretion may allow the recovery of full costs." It requests $1,101.60 comprised of $804, the cost of the statutory filing and administrative fees for both of its lawsuits, and $297.60 in service costs, and its counsel has submitted a certification itemizing the fees and costs associated with this case, as well as supporting documentation. (*See* Certification of John C. Atkin, Esq. ¶¶ 5-8, Exs. 2-4, ECF No. 44-2.) The Court finds these proofs sufficient and will award Plaintiff the amount sought. *See Doe*, 2022 WL 16744122, at *4 (awarding Strike 3 $507 for filing fees and service costs supported by attorney certification and exhibits); *see also Vokoun*, 2022 WL 310201, at *5 (same, but awarding $526.60).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment (ECF No. 44) is **GRANTED**. An appropriate order follows.

**DATED:** December 27, 2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge