# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICARDO SAMUELS,<br><br>　　　　　　Defendant. | Action No. 23-cv-22413 (JXN) (SDA)<br><br>**WHEREAS OPINION AND ORDER**<br><br>July 14, 2025 |

**STACEY D. ADAMS**, United States Magistrate Judge.

    **THIS MATTER** having come before the Court on the Motion by Plaintiff Strike 3 Holdings, LLC ("Plaintiff") to unseal the Order entered on the Motion to Amend/Correct at ECF No. 56. (ECF No. 58); and

    **WHEREAS**, the Honorable Julien Xavier Neals, U.S.D.J., entered an Order and Judgment in this matter on December 30, 2024 granting Plaintiff's unopposed motion for default judgment against pro se Defendant John Doe subscriber assigned IP address 151.202.25.232 and IP address 100.1.218.183. (ECF No. 49); and

    **WHEREAS**, Plaintiff filed a Motion to Amend/Correct the Order and Judgment (ECF No. 49) to identify Defendant by his true name and address (ECF No. 50); and

    **WHEREAS**, Judge Neals granted the motion at ECF No. 50 on June 20, 2025. (ECF Nos. 56, 57). Judge Neals issued a Sealed Order at ECF No. 56 identifying Defendant by his true name and address and an accompanying unsealed redacted version of the Order at ECF No. 57; and

**WHEREAS**, Plaintiff filed the instant Motion to Unseal on June 25, 2025 seeking an Order unsealing the Sealed Order and Judgment entered at ECF No. 56. (ECF No. 58); and

**WHEREAS**, Defendant failed to file a timely opposition; and

**WHEREAS,** the Third Circuit has stated that "[o]ur legal system operates under a strong presumption of public proceedings and publicly filed documents, including the names of the parties filing the documents." *Doe v. Cap. Health Sys. Inc.*, No. 23-CV-2882, 2024 WL 175947, at *1 (3d Cir. Jan. 11, 2024). To overcome the right to access and seal judicial documents from the public docket, a party must show that its "interest in secrecy outweighs the presumption" of public access because "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (internal citation omitted). Additionally, the District Court must "articulate the compelling, countervailing interests to be protected" and make "specific findings on the record concerning the effects of disclosure" when sealing judicial documents. *Id.* at 672-73; L. Civ. R. 5.3(c); and

**WHEREAS,** Defendant has not made any showing to overcome the presumption, and the Court has not articulated any specific findings to support the sealing of the judgment; and for good cause shown:

**IT IS**, on this **14th** day of **July, 2024**, hereby **ORDERED** as follows:

1. Plaintiff's Motion to Unseal the Order & Judgment (ECF No. 58) is **GRANTED**, and
2. The Clerk of Court shall terminate the Motion at ECF No. 58 and unseal the Court's June 20, 2025 Order & Judgment at ECF No. 56; and

3. Plaintiff shall serve a copy of this Order to Defendant's last known address by regular and certified mail.

**SO ORDERED.**

                                             */s/ Stacey D. Adams*
                                         STACEY D. ADAMS, U.S.M.J.